Suzanne L. Martin
Nevada Bar No. 8833
suzanne.martin@ogletreedeakins.com
Courtney K. Lee
Nevada Bar No. 8154
courtney.lee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendants Tryke Companies, LLC,*
*Tryke Companies SO NV, LLC, Curaleaf, Inc.,*
*Curaleaf Processing, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL KINCHEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRYKE COMPANIES, LLC; TRYKE COMPANIES SO NV, LLC; CURALEAF, INC.; CURALEAF PROCESSING, INC.; DOES I through X; and ROE Corporations XI through XX, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00761-ART-MDC<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF INFORMATION AND DOCUMENTS** |

Plaintiff Michael Kinchen ("Plaintiff") and Defendants, Tryke Companies, LLC, Tryke Companies SO NV, LLC, Curaleaf, Inc., and Curaleaf Processing, Inc. ("Defendants"), (collectively referred to as "Parties"), by and through their respective attorneys of record, hereby request the Court enter the following Stipulated Protective Order Governing the Confidentiality of Information and Documents ("Stipulated Protective Order"). This Stipulation is brought pursuant to and in compliance with Local Rule 7-1.

Plaintiff is expected to request confidential, non-public information and documents from Defendant(s), including, but not limited to, production processes, and financial information, non-public business records, personnel files, training materials, manuals, and other information and

documents regarding certain individuals, including employees who are not, and are not expected to be, parties to this matter. Plaintiff may also request documents related to Defendant's business operations. Defendant considers this information and these documents to be private and confidential. In addition, Defendants may request confidential, non-public information and documents from Plaintiff and third-parties, including financial records, medical records, and other information and documents regarding certain individuals, who are not, and are not expected to be, individual parties to this action.

Discovery in this case will require the production of documents, inspection of tangible things, the answering of Interrogatories and Requests to Admit, and the taking of oral and/or written depositions, during which the aforementioned medical, confidential and/or private information and documents of the Parties will be exchanged and disclosed. To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, and to adequately protect material entitled to be kept confidential, the Parties agree to limit the disclosure and use of proprietary, confidential, and private information and documents as stipulated, pursuant to this Stipulated Protective Order on the following terms:

**I.     DEFINITIONS**

The following definitions shall apply to this Protective Order:

A.     This "Action" shall refer to the above-captioned proceeding in the United States District Court for the District of Nevada and any appeal thereof through final judgment.

B.     "Producing Party" shall mean any person or entity producing documents, information or other materials in this Action, including any Party to this Action or any third parties.

C.     "Party" shall mean the Plaintiff and Defendants in this Action, and any other person that may become a named Party to this Action.

D.     "Confidential" information shall be defined as such documents, deposition testimony or other information disclosed during discovery in this Action which the Producing Party or another Party reasonably and in good faith contends contains information that should be protected from disclosure as a public record or to non-parties, counsel, and expert witnesses. Any Party may designate any information or documents as Confidential in the reasonable exercise of

such Party's sole discretion; provided, however, by agreeing to this Protective Order, no Party waives the right to challenge any other Party's designation of any information or document as Confidential.

E. "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential."

F. When reference is made in this Protective Order to any document or Party, the singular shall include the plural, and plural shall include the singular.

## II. DESIGNATION OF INFORMATION AND DOCUMENTS

A. When any document, deposition testimony, or things produced under this Protective Order are designated as Confidential Information, a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection. When information produced in answer to an Interrogatory, or response to a Request for Production or Request for Admission is designated as Confidential, the response or answer shall be preceded with the appropriate designation in the response or answer to such discovery.

B. Documents being produced by both Plaintiff and Defendant may contain social security numbers. Without need of any designation, social security numbers will be deemed to be Confidential. In the event a document is produced without the redaction of a social security number, any Party seeking to use the document will make every effort to redact the social security number before its use in a deposition, court proceeding or court filing.

C. The initial failure to designate information or documents as Confidential in accordance with this Stipulated Protective Order shall not preclude the Producing Party from, at a reasonable later date, designating any information or documents as Confidential. The Producing Party may, by written notice to counsel of record for the receiving Party, designate previously produced information or documents as Confidential, which it had inadvertently failed to designate reasonably and in good-faith. The Producing Party will reproduce any such documents utilizing the similar bates-numbering with the Confidential Designation and will advise the non-producing party to destroy previously produced documents if they were inadvertently not marked confidential so as not to require an unnecessary burden on the non-producing party.

### III. LIMITATIONS

A. This Stipulated Protective Order shall govern only documents, information and materials generated or produced in response to any method of discovery conducted by any Party to this Action and used in the prosecution and defense of this Action.

B. Persons obtaining access to Confidential information under this Stipulated Protective Order shall use the information only for this matter's discovery process and the preparation of and the trial in this Action, including motion practice as permitted by the Court to the fullest extent of the law. Persons shall not use such information for any other purpose, including business, commercial, personal, administrative or judicial proceedings.

C. Nothing contained in this Stipulated Protective Order shall require any Party to treat as Confidential documents or information lawfully obtained by means other than through discovery in this Action and under circumstances that would lead a reasonable person to conclude that the documents or information were not intended to be kept confidential by the recipient; provided, however, that nothing in this Stipulated Protective Order shall authorize any use of documents or information which is otherwise impermissible.

### IV. PERMISSIBLE DISCLOSURES/ACCESS

Except as set forth herein, Confidential information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court on the condition that the Court approve this Stipulated Protective Order, or enters an Order similar to this Stipulated Protective Order: (a) the Parties in the Action, including their agents, officers, directors, consultants, staff, support personnel and employees, but only to the extent that such disclosure is necessary for the conduct of litigation in the Action; (b) outside counsel for the Parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents; (c) experts, independent contractors, consultants, or advisors who are employed, engaged, or retained by, or on behalf of, one or more of the Parties to the Action or their counsel to assist in preparation of the Action for trial; (d) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions and discovery in or for this Action; (e) stenographic reporters who are involved in depositions (f) people who have previously received or created the

document; and (g) witnesses in the Action who need to review this material in connection with their deposition testimony or review of materials in the Action outside of hearings, proceedings before the Court, or trial.  Confidential information may be disclosed to persons listed in this paragraph only after such person has been shown a copy of this Stipulated Protective Order and agrees to be bound by the terms of this Stipulated Protective Order in the form attached hereto as **Exhibit A**.  In the event an authorized person does not execute **Exhibit A** expressly agreeing to be bound by this Stipulated Protective Order, the Parties and the Court will nevertheless deem the authorized person to be so bound.

### V.    DECLASSIFICATION

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery materials designated Confidential shall be treated as such under this Stipulated Protective Order.  In the event that any Party objects to the designation of any document, the objecting Party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

A.    At any time, the receiving Party of any document or information designated as Confidential may notify the Producing Party, in writing, that the receiving Party does not concur in the designation or redaction.  The Parties shall attempt to resolve such challenges informally.  In the event that such attempts are not successful, the Parties will follow the Informal Discovery Dispute Procedure outlined in the Civil Standing Order of U.S. Magistrate Judge Maximiliano D. Couvillier III, Section II.B. <u>Discovery Disputes, amendments thereto, or rule thereof.</u>

### VI.    DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS

A.    In the case where Confidential information or documents are used or revealed during a deposition, designation of the transcript or any portion thereof, including the designated documents or other exhibits, deemed to be Confidential, may be made by a statement by a Party, counsel or the witness on the record, so that the stenographer transcribing the deposition can affix a Legend to the cover page and all appropriate pages of the transcript and to each copy thereof for dissemination to counsel and in compliance with this Stipulated Protective Order.

/ / /

B.      A Party or a witness may designate a deposition or trial transcript, or a portion thereof, disclosing, containing or referring to any Confidential information or documents as "Confidential" by informing counsel for all other Parties to this Action in writing within thirty (30) days after receipt of the transcript as to the specific pages and lines deemed Confidential, and thereafter such pages and lines shall constitute Confidential information or documents pursuant to this Stipulated Protective Order.  Upon receipt of such notice, any Party in possession of copies of the transcript with the designated pages and lines shall affix the appropriate Legend thereto. During the no more than 30-day interval following receipt of a transcript, the transcript shall be treated as Confidential.

## VII.     DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS

The Parties recognize that designating Information as Confidential is not sufficient grounds for that document to be filed under seal in connection with either a non-dispositive or dispositive motion. The Parties acknowledge that to overcome the presumption of public access and maintain the confidentiality of Information designated as Confidential that is attached to a non-dispositive motion, the party seeking to maintain the Confidential designation of that Information must meet the "good cause" standard articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The parties further acknowledge that, to overcome the presumption of public access and maintain the confidentiality of Information designated as Confidential that is attached to a dispositive motion, the party seeking to maintain the Confidential designation of that Information must meet the "compelling reasons" standard articulated in *Kamakana.*

If a non-designating Party intends to file a motion containing information from, summarizing, or attaching a Confidential document that the opposing Party has designated as Confidential pursuant this stipulated protective order, the non-designating moving Party must notify the opposing Party at least seven (7) days prior to filing the designated document(s). The designating Party must make a good faith determination if the relevant standard for sealing is met. To the extent the designating Party does not believe the relevant standard for sealing can be met, it

shall indicate that the document may be filed publicly no later than four (4) days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a substantive declaration supporting that assertion no later than four (4) days after receiving notice of the intended filing. The non-designating moving Party shall then attach that declaration to a motion to seal. If the designating Party fails to provide such a declaration in support of the motion to seal, the filing Party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

Alternatively, the parties may meet and confer in advance of the motion to discuss whether and to what extent the Confidential document or information may be used, *e.g.*, by redacting information not relevant to the motion or argument, so as to avoid the burden of filing the motion under seal. The parties agree to cooperate in good faith to reach a reasonable compromise with respect to the use of Confidential documents and/or information in law and motion practice, and will comply, as applicable with the Civil Standing Order of U.S. Magistrate Judge Maximiliano D. Couvillier III, Section II.B. Discovery Disputes.

In the event of an emergency motion, the above procedures shall not apply. Instead the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three (3) days of its filing. If the designating Party fails to timely file such declaration, the Court may order the document filed in the public record.

Motions to seal shall be filed consistent with Federal Rule of Civil Procedure 5.2, and Local Rule 10-5.

VIII. **DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION**

Confidential information or documents may be offered in evidence at any hearing or the trial in the Action. The designating Party shall initiate a meet and confer conference in advance of any hearing or trial that will provide the Parties a reasonable amount of time to meet and confer in

1 advance of a hearing and/or trial as to how the information or documents will be used including, by
2 way of example, requesting that the Court designate a portion of a transcript containing the Parties'
3 discussion of the Confidential information or documents as Confidential and maintain it under seal,
4 only to be produced to the Parties' at their request. If the Parties cannot agree about how the
5 information or documents will be used during a hearing and/or trial, before or at the time of the
6 hearing and/or trial, the Party designating such Confidential status may move the Court for an
7 Order that the evidence be received *in camera,* per Local Rule 10-4,or under other conditions to
8 prevent unnecessary disclosure per Federal Rules of Civil Procedure 5.2 and Local Rule 10-5, as
9 applicable, and consistent with the standards set forth in *Kamakana v. City and County of*
10 *Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If such a motion is made regarding evidence to be
11 introduced at the time of a hearing and/or trial, then the Party designating such Confidential status
12 shall notify opposing counsel and the Court of its intent to make the motion sufficiently in advance
13 of and outside the presence of the jury so that counsel has the opportunity to object to the evidence
14 and/or an opportunity to seek appropriate protection from the Court outside the presence of the jury
15 and before the information or documents are offered into evidence in open court. The Court will
16 then determine whether the proffered evidence should continue to be treated as Confidential and, if
17 so, what protection, if any, may be afforded to such information at the hearing.

18 **IX.    SUBPOENA BY COURT OR OTHER AGENCIES**

19    If at any time any document or information protected by this Stipulated Protective Order is
20 subpoenaed by any court, administrative or legislative body, or is requested by any other person or
21 entity purporting to have authority to require the production of such information, the Party to
22 whom the subpoena or other request is directed shall give written notice thereof in no less than five
23 calendar days or reasonable time thereof to any Party which has designated such information
24 Confidential. After receipt of the notice specified under this paragraph, the designating Party shall
25 be responsible for obtaining any Order it believes necessary to prevent disclosure of documents
26 designated, and the Party to whom the referenced subpoena or other request is directed shall
27 produce such document or information only upon an Order issued by a judge of a court of
28 competent jurisdiction requiring such production.

X.   **CLIENT CONSULTATION**

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential Information or documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraph IV above or by such reasonable and in good-faith measures.

XI.  **COPIES OF DESIGNATED INFORMATION**

The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of Confidential information. Parties shall not duplicate Confidential information or documents except working copies and for filing in Court under seal. All copies of any Confidential information or documents shall be treated as provided in this Stipulated Protective Order.

XII. **NO WAIVER**

A.   No Confidential information or documents shall lose such status under this Stipulated Protective Order as the result of the use of such information or documents in any hearing, trial, or other court proceeding in this Action, provided that such use is consistent with the terms of this Protective Order.

B.   Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Stipulated Protective Order are reserved and are not waived by any terms of this Stipulated Protective Order. The use of Confidential information and documents as evidence at trial shall be subject to this Stipulated Protective Order unless otherwise agreed to by the Parties or modified by the Court or by any rule or requirement to the fullest extent of the law.

C.   The inadvertent disclosure of Confidential information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

/ / /

D.   The inadvertent production of any document or other information during discovery in this Action shall be without prejudice to any claim that such material is privileged, prohibited or protected from disclosure as privileged or work product, and no Party shall be held to have waived any rights by reason of such inadvertent production.

## XIII.   NON-TERMINATION

The termination of proceedings in the Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all information and documents produced and designated pursuant to this Stipulated Protective Order unless the Parties otherwise agree or the Court orders or permits otherwise.  Upon the final disposition of the Action, all information and documents, including any summaries or abstracts of materials, however maintained, shall be kept completely confidential.  Counsel for either Party may use the Confidential information and documents only for the purpose of defending ethical charges, and may not use Confidential information or documents in any subsequent lawsuit.

## XIV.   INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS

A.   The inadvertent production of information that is subject to a claim of any privilege or other protection as trial-preparation material shall not constitute a waiver of any privilege or protection, provided that – consistent with the provisions of Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 – the Producing Party notifies the receiving Party in writing of the inadvertent production as soon as practicable following the Producing Party's discovery of the inadvertent production within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld.

B.   Following the Producing Party's written notice of the inadvertent production, the receiving Party shall promptly return, destroy, or delete from its databases all copies of the specified information within seventy-two (72) hours, and shall make reasonable efforts to retrieve the information if the receiving Party previously provided the information to third parties.

C.   The receiving Party shall not assert a claim or argument in this or any other court or legal proceeding that the Producing Party's act of inadvertently producing the information

constituted a waiver of the Producing Party's privilege or other protection over the information. However, the requesting party does not waive any right to challenge the assertion of privilege and to request an order from the Court denying such privilege.

D. If there is a disagreement as to whether the specified information is privileged or subject to protection, the receiving Party may present the information under seal to the Court for a determination.

E. Until the Court makes a determination of the privileged or protected status of the information, the receiving Party shall not use in any way (including, but not limited to, using the information in depositions or at trial) nor disclose the information to other Parties.

IT IS SO STIPULATED.

DATED this 25th day of June, 2025.

GABROY/MESSER

/s/ *Christian Gabroy*
Christian Gabroy
Nevada Bar No. 8805
Kaine Messer
Nevada Bar No. 14240
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, NV 89012

*Attorneys for Plaintiff Michael Kinchen*

DATED this 25th day of June, 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Courtney K. Lee*
Suzanne L. Martin
Nevada Bar No. 8833
Courtney K. Lee
Nevada Bar No. 8154
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135

*Attorneys for Defendants Tryke Companies, LLC, Tryke Companies SO NV, LLC, Curaleaf, Inc., Curaleaf Processing, Inc.*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT JUDGE

DATED: 6-27-25

# EXHIBIT A

## UNDERSTANDING AND AGREEMENT REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION

I hereby state that I have read and received a copy of the Stipulated Protective Order Governing the Confidentiality of Documents and Information (the "Order") in *Michael Kinchen v. Tryke Companies, LLC, et al.*, Case No. 2:25-cv-00761-ART-MDC, which case is currently pending in the United States District Court for the District of Nevada (the "Court"). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

_____
Signature

_____
Printed Name

_____
Dated

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800